[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1296

UNITED STATES,

Appellee,

v.

LUIS RIVERA-NEWTON, a/k/a "EL MONO",

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Selya and Stahl, Circuit Judges.

---

Edgar R. Vega-Pabon on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Michelle Morales, Assistant United States Attorney, on brief for appellee.

---

April 13, 2000

---

**Per Curiam**. Appellant Luis Rivera Newton appeals from an order of pretrial detention.  We have independently reviewed the decision, "giving deference to the determination of the district court." United States v. O'Brien, 895 F.2d 810, 814 (1st Cir. 1990).  Upon careful review of the sparse record before us and of the judge's reasons for ordering detention, we agree with the district court that detention is warranted here on the grounds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).  We therefore affirm.

The presumption under 18 U.S.C. § 3142(e) applies in this case because appellant is charged in a federal indictment with drug trafficking offenses that carry a maximum penalty in excess of ten years under the Controlled Substances Act, 21 U.S.C. § 801 et seq.  See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  Appellant has produced evidence to rebut the presumption, including evidence of family and business ties to Puerto Rico, of no prior criminal convictions and of compliance with conditions of pretrial release imposed by the Puerto Rico courts where

appellant's trial on murder charges has been pending for almost five years.

Despite appellant's evidence to rebut the presumption, the district court properly ruled that the statutory presumption continues to carry weight. See United States v. Jessup, 757 F.2d 378, 389 (1st Cir. 1985). The nature and circumstances of the offenses with which appellant is charged indicate that appellant was involved in the type of drug operations that were "at the center of Congressional concern." Id. at 387. The number of co-conspirators and the scope of the charged conspiracy, involving the establishment of drug distribution points throughout Puerto Rico, suggest a drug trafficking operation that resembles the paradigm underlying the statutory presumption. The district court's finding that Rivera has "ready access to large amounts of cash not derived from a legitimate source" also suggests involvement in the kind of lucrative drug operations with which Congress was concerned.

I. Risk of Flight

While the statutory presumption weighs in favor of a finding that Rivera presents a risk of flight, several factors weigh against such a finding. The district court found that Rivera has strong family ties to Puerto Rico and

he owns a business there.  He has no prior criminal record. In the context of the offenses charged in this case, however, these factors do not tip the balance on the risk of flight issue.  See Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987)(affirming detention order where § 3142(e)'s presumption applied despite appellants' strong family ties and the absence of any prior drug-related arrests or convictions).

Rivera's record of reporting daily to local officials during the almost five years that he was on release pending trial in the Puerto Rico courts weighs against a finding of risk of flight.  However, the district court found that no action has occurred in the Puerto Rico case since 1997 and that no trial date has been set. Rivera's reporting history is no guarantee that he won't flee when the trial date draws near.    Rivera disputes the district court's findings that he violated the terms of his release on local charges by participating in the conspiracy charged and by working at his liquor store.  We need not resolve that issue.  Even without relying upon those findings of the district court, the risk of flight determination, "while perhaps not inevitable, seems a supportable exercise of [the district court's] factfinding

function." United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

II. Dangerousness

The § 3142(e) presumption is based, in part, upon Congress' findings that drug traffickers are often engaged in continuing patterns of criminal activity. See Palmer-Contreras, 835 F.2d at 17. That generalization seems to apply here, where the charged conspiracy spanned almost ten years and continued for four years after Rivera's arrest on murder charges under Puerto Rico law. Rivera points to the fact that he has no record of criminal convictions. However, the indictment charges that his involvement in the conspiracy began in 1988, when he was only twenty years old. Therefore, his absence of a criminal record carries less weight than it would for an older person.

The district court expressed specific concern about the danger that Rivera's release would present to witnesses who would be testifying against him at trial. The indictment charges that the conspiracy was accomplished by the use of violence and specifically charges that Rivera "planned or participated in the kidnaping, torturing and execution" of four people (at the Cayey Massacre). The magistrate-judge found that most of the government's

evidence against Rivera consists of statements of cooperating witnesses or co-conspirators. Rivera argues that this shows that the evidence against him is weak. However, it also creates a special risk of danger if he is released: danger of harm to prospective witnesses. Compare Patriarca, 948 F.2d at 792. That danger is especially pronounced here because Rivera is charged with participating in a conspiracy that regularly used violence to threaten and intimidate.

For these reasons, along with others specified by the district court judge, we agree with the district court that Rivera's detention pending trial is warranted on the grounds of risk of flight and dangerousness.

The order of pretrial detention is <u>affirmed</u>.